UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JOSHUA PRICE,

    Plaintiff,

v.                                                               Case No. 2:15-cv-11002

WEST VIRGINIA AIR NATIONAL
GUARD, 130TH AIRLIFT WING,

    Defendants.

**MEMORANDUM IN SUPPORT OF
UNITED STATES' MOTION TO VACATE DEFAULT JUDGMENT**

    Comes now the United States of America (United States), by counsel, and hereby submits this memorandum in support of its motion to vacate the entry of default judgment in this matter.

    Under Federal Rule of Civil Procedure 55(a), "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, under Fed. R. Civ. P. 55(c), "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Default Judgment may only be entered against the United States if the claimant establishes a claim or right ro relief by evidence that satisfies the Court. Fed. R. Civ. P. 55(d).[1] Federal Rule of Civil Procedure 60 allows for relief from a Judgment or Order based upon mistake, inadvertence, surprise, or excusable neglect, as well as "any other reason that justifies relief." Fed. R. Civ. P. 60.

---

[1] These provisions are cited as evidence of federal jurisprudence's disfavor of default judgment and favor of trial on the merits. *See, e.g,* 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure: Civil* § 2693 (3d 1998).

As discussed in the United States' motion, on July 13, 2015, Plaintiff filed his complaint against the West Virginia Air National Guard (WVANG) and the 130th Airlift Wing. ECF No. 1. That complaint was served on defendants on July 28, 2015. ECF. No. 4. Plaintiff did not indicate on his civil cover sheet that the United States government was a defendant in this matter, instead indicating that jurisdiction lies in a federal question and that the United States was not a party. ECF No. 1-1.

The National Guard is a hybrid organization that falls under the purview of both the United States federal government and the state government under which it is organized. In general, a state runs and administers their National Guard units, but those units may be "federalized" as needed. "There is a fundamental difference between the National Guard on the one hand, and the Air Force and Army Reserve on the other. 'Except when federalized, the Guard is under the direct order of the State Governments.'" *See, e.g., United States v. Hawaii*, 832 F.2d 1116, 1119 (9th Cir. 1987); cf. *New Jersey Air Nat. Guard v. Fed. Labor Rel. Authority*, 677 F.2d 276, 279 (3d Cir. 1982), cert denied, 459 U.S. 988 (1983); *Ellis v. Hanson Natural Resources Co.*, 70 F.3d 1278 (9th Cir. 1995) (unpublished) (citing *New Jersey Air Nat. Guard*, 677 F2d at 279).

There is, however, a major exception to that general rule: military technicians (dual status). Because of their dual status, these military technicians are at all times both federal civilian employees and military members of a National Guard unit. 32 U.S.C. § 709(b)(1) and (e), 10 U.S.C. § 10216(a)(1). They are charged with organizing, administering, or training National Guardsmen and maintaining federal military equipment possessed and operated by the National Guard. 32 U.S.C. § 709(a) ("National Guard Technicians Act"); see also *Stanford v. United States*, 992 F. Supp. 2d 764, 778 (E.D. Ky. 2014); *Yeary v. United States*, 921 F. Supp.

549, 554-556 (S.D. Ind. 1996). In employing and administering military technicians (dual status), state adjutant generals act as federal agents. *See* 32 U.S.C. § 709(d); *Walch v. Adjutant General's Dept of Texas*, 533 F.3d 289, 296 (5th Cir. 2008) (quoting from Davidson and Walters, *Neither Man Nor Beast: The National Guard Technician, Modern Day Military Minotaur*, Army Law 49, 51-52 (Dec 1995), substituted opinion at 2008 U.S. App LEXIS 28134 at *15).

In his complaint, Plaintiff clearly indicates that he is a military technician (dual status), referring to both his federal civilian status and his required membership in the West Virginia Air National Guard. ECF No. 1, ¶ 5. Though Plaintiff does not indicate any federal agency on his civil cover sheet, from the substance of his complaint it is apparent that Plaintiff has brought suit against the WVANG and the 130th Airlift Wing to challenge the federal aspects of his employment. For jurisdiction, Plaintiff cites 32 U.S.C. § 709, the National Guard Technicians Act, and requests his lost (federal) wages and the reinstatement of his federal retirement benefits. *Id.* at 7.

For these reasons, the United States is preparing a response to Plaintiff's complaint. Under Fed. R. Civ. P. 12(a)(2), the United States has 60 days from the service of the complaint to respond. As the complaint was only served on July 28, 2015, the United States asks this Court to vacate the entry of default judgment entered in this matter on August 20, 2015 (ECF No. 5).

For the reasons stated above, the United States believes good cause exists for the Court to set aside the entry of Default Judgment in this matter and to allow the United States until September 28, 2015, to respond to Plaintiff's complaint.

                              Respectfully submitted,

                              R. BOOTH GOODWIN II
                              United States Attorney

August 26, 2015                **s/John F. Gianola**
                              Assistant United States Attorney
                              WV State Bar No. 10879
                              Counsel for United States
                              United States Attorney's Office
                              300 Virginia Street, E, Room 4000
                              Charleston, WV  25301
                              P: 304-345-2200
                              F: 304-347-5443
                              E: john.gianola@usdoj.gov