IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOSHUA PRICE,

    Plaintiff,

v.                CIVIL ACTION NO. 2:15-cv-11002

WEST VIRGINIA AIR NATIONAL
GUARD, 130TH AIRLIFT WING, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

  Before the Court are Plaintiff's Motion to Amend the Complaint and Defendant's Motion to Dismiss. On February 24, 2016, this action was stayed pending the outcome of the Motion to Dismiss, which is premised in part on sovereign immunity grounds. For the reasons that follow, the Court **LIFTS** the stay, **DENIES** the Motion to Amend the Complaint [ECF No. 20], **GRANTS** the Motion to Dismiss [ECF No. 12], and **DISMISSES** this action from the Court's docket.

  I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

  The following facts are drawn from Plaintiff's Complaint. Plaintiff Joshua Price is a former member of the United States Air Force, where he was most recently employed as dual-status military technician. His role as a dual-status technician required him to hold concurrent membership in the West Virginia Air National Guard ("WVANG"), and he enlisted in the 130th Airlift Wing of the WVANG in approximately February 2005.[1] Plaintiff was deployed abroad

---

[1] As noted by the WVANG, military technicians acquire "dual status" by virtue of their employment as both federal employees and military members of a National Guard unit. *See* 32 U.S.C. § 709(b)(1) and (e); 10 U.S.C. § 10216(a)(1).

nine times during the course of his military service. After he returned home, memories of war and stresses at home drove him to alcohol. He sought treatment for his self-described alcoholism from the Veterans Affairs Medical Center ("VAMC") in Huntington, West Virginia, where, on one occasion in 2010, he allegedly admitted during intake that he had used cocaine. The WVANG became aware of this purported admission for the first time in late 2013 and used it as grounds for terminating Plaintiff shortly thereafter. Plaintiff immediately contested the accuracy of his prior statement to the VAMC, claiming that it had been uttered while he was under the influence of alcohol and that a contemporaneous drug screen was returned negative for illegal drugs. The VAMC deleted the reference to cocaine use in Plaintiff's medical records, but the WVANG proceeded with his termination nevertheless.

Plaintiff ultimately entered into a settlement agreement with the WVANG by which he agreed to resign his position in exchange for the preservation of his military retirement benefits. After executing the agreement, Plaintiff later became aware that he had inadvertently also signed a discharge paper stripping him of the very benefits the WVANG had purportedly agreed to maintain. He initiated this suit against the WVANG on July 13, 2015, alleging breach of contract (Count I), fraudulent inducement (Count II), wrongful termination (Count III), and libel (Count IV). Plaintiff seeks compensatory damages, reinstatement of retirement benefits, and attorney fees. The WVANG moves to dismiss on sovereign immunity grounds under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6).[2] Among other arguments,

---

[2] "The Fourth Circuit has not resolved whether a motion to dismiss based on the Eleventh Amendment is properly considered pursuant to Rule 12(b)(1) or 12(b)(6)." *Haley v. Virginia Dep't. of Health,* 4:12–cv–0016, 2012 WL 5494306, at *2 n. 2 (W.D. Va. Nov.13, 2012) (citing *Andrews v. Daw*, 201 F.3d 521, 525, n. 2 (4th Cir. 2000)). "The recent trend, however, appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1)." *Id.* The Court will address the WVANG's sovereign immunity argument under the Rule 12(b)(1) standard. The WVANG's motion to dismiss is not limited to its quarrel over subject matter

the WVANG asserts that due to the hybrid nature of the WVANG, Plaintiff's suit implicates the sovereign immunity of both the State of West Virginia and the United States. Plaintiff thereafter moved to amend his Complaint, adding factual allegations intended to support his claims. The WVANG remains the sole defendant in both the original and proposed amended pleading. At the request of the WVANG, the Court stayed this action on February 24, 2016 pending the resolution of the motion to dismiss.

## II. LEGAL STANDARD

It is axiomatic that a court must find it has jurisdiction before determining the validity of any claims brought before it. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). A motion to dismiss an action under Rule 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. "Challenges to jurisdiction under Rule 12(b)(1) may be raised in two distinct ways: 'facial attacks' and 'factual attacks.'" *Adkins v. United States*, 923 F. Supp. 2d 853, 856 (S.D. W. Va. 2013) (citing *Thigpen v. United States*, 800 F.2d 393, 401 n. 15 (4th Cir. 1986)). A "facial attack" questions whether "the allegations of the complaint are facially []sufficient to sustain the court's jurisdiction." *Thigpen*, 800 F.2d at 401 n. 15. In such a case, the court must accept the allegations as true and proceed to consider the motion as it would a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id.* The WVANG's sovereign immunity defense is a facial attack to subject matter jurisdiction. "The burden of showing the existence of subject matter jurisdiction rests on the plaintiff." *Adkins*, 923 F. Supp. 2d at 857 (citation omitted).

---

jurisdiction; however, finding that issue dispositive, the Court elects not to discuss the propriety of dismissal under Rule 12(b)(6).

3

### *III.     DISCUSSION*

As interpreted, the Eleventh Amendment to the United States Constitution prohibits suits in federal courts against state governments by a state's own citizens.  *See Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974).    Agencies of the State of West Virginia are entitled to invoke the protections of the Eleventh Amendment unless the State has consented to suit in federal court or Congress has overridden Eleventh Amendment immunity. *Pennhurst State Sch. v. Halderman*, 465 U.S. 89, 101 (1984); *see Cash v. Granville Cnty. Bd. of Educ.*, 242 F.3d 219, 222 (4th Cir. 2001) (noting that these protections extend to state agents and state instrumentalities (citation omitted)). The WVANG, like other National Guards, is both a federal and state program.   "Within each state the National Guard is a state agency, under state authority and control.   At the same time, the activity, makeup, and function of the Guard is provided for, to a large extent, by federal law."   *N. J. Air Nat'l. Guard v. Fed. Labor Relations Auth.*, 677 F.2d 276, 279 (3d Cir. 1982).

Plaintiff does not dispute the WVANG's assertion that state Guards, barring the application of one of the above-noted exceptions, enjoy full immunity under the Eleventh Amendment.  The Court agrees and finds that the WVANG is an agency of the State of West Virginia.  *See Columbia Gas Transmission LLC v. United States*, No. 3:14-11854, 2015 WL 4276334, at *8 (S.D. W. Va. July 14, 2015) (finding the West Virginia Army National Guard is a state agency entitled to state immunity); *see also Best v. Adjutant Gen.*, 400 F.3d 889, 891 (11th Cir. 2005) ("The National Guard is a state agency, under state authority and control."); *Jones v. N. Y. State Div. of Military & Naval Affairs*, 166 F.3d 45, 49 (2d Cir. 1999) (finding the New York Air National Guard was a state agency entitled to Eleventh Amendment immunity); *Henry v.*

4

*Textron, Inc.*, 577 F.2d 1163, 1164 (4th Cir. 1978) (dismissing suit against the Virginia National Guard on Eleventh Amendment grounds).

Having decided the WVANG is an arm of the State, the next question becomes whether the State has consented to suit.[3] Such consent must be express and unequivocal to constitute a waiver of sovereign immunity under the Eleventh Amendment. *Port Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 305 (1990). Plaintiff argues that West Virginia has waived Eleventh Amendment protections by obtaining liability insurance. He claims that this waiver arises from West Virginia Code § 29-12-5, the terms of which bar the State's insurers from relying upon constitutional immunity as a defense to third-party claims. The West Virginia Supreme Court of Appeals has recognized that this statute serves as a broad exception to the State's sovereign immunity under the West Virginia Constitution. *See Parkulo v. W. Va. Bd. of Probation and Parole*, 483 S.E.2d 507, 514 (W. Va. 1996).

Plaintiff incorrectly assumes that this exception extends to suits brought against the State in federal court as well as in the courts of West Virginia. The Fourth Circuit has held that this statutory provision does not contain an "unequivocal" statement of the State's waiver of Eleventh Amendment immunity, as required by Supreme Court precedent. *Westinghouse Elec. Corp. v. W.*

---

[3] Consent is one of two potential exceptions to Eleventh Amendment immunity, the other being Congressional abrogation under Section 5 of the Fourteenth Amendment. Neither party puts forward an argument with respect to abrogation. Although the Court notes that Plaintiff relies on 32 U.S.C. § 709, the statute setting forth federal authority to employ dual status technicians under the National Guard Technicians Act, as the jurisdictional underpinning for this suit, there is no evidence that Congress intended that statute to abrogate state sovereign immunity. Indeed, it is questionable whether that statute gives rise to jurisdiction in this Court in the first place. Section 709 expressly provides that any right of appeal arising from the termination of a technician's employment "shall not extend beyond the adjutant general of the jurisdiction concerned." 32 U.S.C. § 709(f)(4). The Court need not decide whether § 709 precludes judicial review of technician terminations; it is sufficient at this juncture to note that in the absence of evidence of abrogation, the Court focuses its discussion on the issue of the state sovereign's consent.

*Va. Dept. of Highways*, 845 F.2d 468, 471 (4th Cir. 1988) (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985)). Rather, it "can, at most, be construed as waiving the state's immunity from suit in *state* court." *Id.*; *see Regueno v. Erwin*, No. 2:13-cv-00815, 2013 WL 1837881, at *3 (S.D. W. Va. May 1, 2013) (finding that waiver in West Virginia Code § 29-12-5(a) applies only to state court actions); *Noe v. West Virginia*, No. 3:10-cv-36, 2010 WL 3075196, at *4 (N.D. W. Va. Aug. 4, 2010) (same).

Therefore, each of Plaintiff's claims are barred by the Eleventh Amendment and the Court lacks subject-matter jurisdiction over this action.[4] The Court notes that the WVANG moved to dismiss only Plaintiff's discharge-related claims (Counts I, II, and III) on sovereign immunity grounds, apparently believing that Plaintiff's intentional tort claim (Count IV) escapes the reach of the Eleventh Amendment. By its terms, however, the Eleventh Amendment protects nonconsenting states from "*any* suit in law or equity," regardless of the nature of a claim or the type of relief sought. U.S. Const. amend. XI (emphasis added); *see Pennhurst*, 465 U.S. at 101 (finding the nature of the requested relief irrelevant to the sovereign immunity question). The WVANG thus enjoys immunity from Plaintiff's libel claim as well.

---

[4] Though this finding is dispositive, the Court notes for Plaintiff's benefit that his attempt to prove a waiver of the United States' sovereign immunity is similarly unavailing. Plaintiff argues the United States has waived sovereign immunity on the breach of contract claim under 28 U.S.C. § 1491. That provision, colloquially known as the "Big" Tucker Act, gives jurisdiction to the Court of Claims to "render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). A district court has concurrent jurisdiction only if the claim does not exceed $10,000. *See* 28 U.S.C. § 1346(a)(2) (the "Little" Tucker Act); *Radin v. United States*, 699 F.2d 681, 685 n.8 (4th Cir. 1983). Plaintiff's Complaint is silent with respect to the amount of damages sought. As it is Plaintiff's burden to prove jurisdiction, he "must affirmatively state a claim for less than $10,000" if he seeks to establish subject matter jurisdiction in this Court. *Estep v. United States Dep't of Commerce*, No. 2:11-cv-00456, 2011 WL 6935506, at *2 (S.D. W. Va. Dec. 29, 2011). Accordingly, the "Little" Tucker Act does not establish subject matter jurisdiction over Plaintiff's breach of contract claim.

The Court has also considered Plaintiff's motion for leave to amend his Complaint. While Plaintiff's amended pleading adds factual adornment to his claims, it does not alter the named defendant and hence has no effect on the Eleventh Amendment's jurisdictional bar. Despite Federal Rule of Civil Procedure 15(a)'s directive to freely grant leave to amend when justice so requires, the Court may deny leave to amend "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (citing *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980)). From Plaintiff's original Complaint to his proposed amended version, his claims are brought exclusively against the WVANG. The Court can only conclude that Plaintiff's proposed amendment would be futile, and thus **DENIES** the motion to amend.

### IV. CONCLUSION

Having found the Eleventh Amendment bars this action, the Court **LIFTS** the stay and **DENIES** Plaintiff's Motion to Amend [ECF No. 20]. The Court further **GRANTS** the WVANG's Motion to Dismiss [ECF No. 12]. Plaintiff's Complaint is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: June 1, 2016

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE